IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY** | § § § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | |
| | § | |
| **GPI CARRIERS, LLC and MARTELL HOLMAN,** | § § § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Trisura Specialty Insurance Company ("Trisura") files this Original Petition seeking declaratory judgment relief from Defendant GPI Carriers, LLC ("GPI Carriers") and Martell Holman ("Mr. Holman") and alleges as follows:

### I. NATURE OF THE ACTION

1. This is a declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202. Trisura seeks declaration that no duty to defend or indemnify exists under the relevant commercial liability automobile insurance policy as identified herein with respect to the default judgment signed and entered in the lawsuit styled *Martell Holman v. GPI Carriers LLC, et al*, Cause No. 2023-10308, in the 234th Judicial District Court, Harris County, Texas (the "Underlying Lawsuit"). (Ex. A-2 – A-28). The Underlying Lawsuit Court granted Default Judgment in favor of Martell Holman which includes an award for damages. (*Id*).

2. Trisura also seeks declaration that it owes no obligation pursuant to the MCS-90 Endorsement for the default judgment because there is no allegation or information to date which establishes that any requirements are met for application of the MCS-90 Endorsement obligation.

1

3. In the alternative, Trisura seeks declaration that the damages awarded in the Underlying Lawsuit Default Judgment are not binding because there is no evidence or factually insufficient evidence to support such damages award, and because Trisura as a matter of law has no duty to indemnify under applicable Texas law.

## II. PARTIES

4. Plaintiff TRISURA SPECIALTY INSURANCE COMPANY is a corporation incorporated in the State of Oklahoma and maintains its principal place of business in the State of Oklahoma.

5. Defendant GPI CARRIERS LLC is a limited liability company doing business as a trucking company in Webb County, Texas at 2935 Melville Loop, Laredo, Texas 78041, and may be served through its registered agent for service of process, Isreal Guzman III at the same address, or wherever he may be found.

6. Defendant MARTELL HOLMAN is an individual who resides in Harris County, Texas, and may be served by and through his attorney of record, Joseph M. Gourrier, The Gourrier Law Firm, PLLC, 4900 Fournace Place, Suite 456, Bellaire, Texas 77401.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because it involves an amount in controversy which exceeds $75,000.00, exclusive of interest and costs and there is complete diversity of citizenship between Plaintiff and Defendants.

8. TRISURA SPECIALTY INSURANCE COMPANY is a corporation incorporated in the State of Oklahoma and maintains it principal place of business in the State of Oklahoma.

9. GPI CARRIERS, LLC is a limited liability company in the State of Texas. (Ex. B; 2024 Texas Secretary of State, 2024 Texas Franchise Tax Public Information Report). GPI CARRIERS,

LLC reports two Members, Gabriela A. Guzman and Israel Guzman, III, and the address on the public record for GPI CARRIERS LLC as well as Israel Guzman, III is 2935 Melville Loop, Laredo, Texas 78041. (*Id*). The address for Gabriela A. Guzman is also 2935 Melville Loop, Laredo, Texas 78041. (Ex. C; Texas Secretary of State, Certificate of Formation).

10. MARTELL HOLMAN is an individual who resides in Harris County, Texas and can be served by his attorney of record, JOSEPH M. GOURRIER, The Gourrier Law Firm, PLLC, 4900 Fournace Place, Suite 456, Bellaire, Texas 77401.

11. Further, this action involves the interpretation and construction and purpose of the MCS-90 Endorsement, which is mandated by federal statute, and interpreted and subject to construction of scope and enforcement as a matter of federal law.

12. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Underlying Lawsuit took place in Harris County, Texas, the Underlying Lawsuit was filed in Harris County, Texas, and the default judgment was signed and entered in the Underlying Lawsuit in Harris County, Texas.

## IV. BACKGROUND SUMMARY

13. This case involves a default judgment signed May 13, 2024, in the Underlying Lawsuit.

14. The Underlying Lawsuit involves an automobile accident that took place on March 23, 2021. (Exhibit A-7, p. 3). The allegations include that Fernando Lopez Garcia ("Mr. Garcia") was driving a vehicle "in the course and scope of his employment with Defendant GPI Carriers LLC". (*Id*. at p. 4). The plaintiff, Martell Holman ("Mr. Holman") asserts that Mr. Garcia's failure to exercise ordinary care in the operation of the vehicle caused the accident, which resulted in bodily injury and contended damages.

15. The Underlying Lawsuit alleges liability and seeks damages against GPI Carriers and Mr.

Garcia based on numerous legal theories of recovery including, without limitation: (1) negligence; (2) negligence per se in violation of various specified provisions of the Federal Motor Carrier and Safety Act and Regulations; (3) vicarious liability; and (4) respondeat superior. (*Id*. at pp. 14 – 22).

16.     The Underlying Lawsuit proceeded to a default judgment which was signed by the Court on May 13, 2024 ("Default Judgment").  (Ex. A).

## V.     THE TRISURA POLICY

17.     Trisura Specialty Insurance Company ("Trisura") issued policy number TTT-66-2-201729 to first named insured GPI Carriers LLC with a policy period of November 5, 2020 to November 5, 2021 and a limit of $1 million for commercial automobile liability, and also includes the MCS-90 Endorsement. (the "Trisura Policy")(Ex. D; D-1).

## VI.    CAUSE OF ACTION: DECLARATORY JUDGMENT

**A.     No Coverage:  Driver Not Listed and Vehicle Not Scheduled**

18.     The Trisura Policy commercial automobile liability part includes the following endorsement:

**Scheduled Vehicles and Listed Drivers Only Endorsement**

**THIS ENDORSEMENT AMENDS THE POLICY TERMS.
PLEASE READ CAREFULLY.**

. . . .

**DECLARATIONS BY THE INSURED:**

**I CONFIRM MY UNDERSTANDING OF THE FOLLOWING POLICY CONDITIONS:**

**[ ]     I UNDERSTAND AND AGREE THAT COVERAGE UNDER THIS POLICY EXTENDS ONLY TO THOSE VEHICLES SCHEDULED IN THE POLICY WHEN SAID VEHICLES ARE DRIVEN BY DRIVERS LISTED IN THE POLICY**.

(Exhibit B; Scheduled Vehicles and Listed Drivers Only Endorsement).

19.     Mr. Garcia is not listed as a driver on the Trisura Policy.

20.     The vehicle that Mr. Garcia was driving is also not scheduled on the Trisura Policy.

21.     Because the driver is not listed and the vehicle being driven is not scheduled, there is no potential for coverage under the commercial automobile liability policy, and Trisura owes no duty of defense or indemnity to GPI Carriers or Mr. Holman.

**B.      No Coverage:  No Notice or Demand from Any Insured**

22.     In addition, Trisura seeks declaratory judgment on the basis that the only notice ever received by Trisura was from the attorney who represents Mr. Holman, the plaintiff in the Underlying Lawsuit.  The Trisura Policy requires notice and demand be made by an insured, which never occurred in this case.  Thus, Trisura owes no duty of defense or indemnity because no insured ever notified Trisura, and because no insured ever demanded a defense.  As a result, Trisura has been prejudiced by same.

**C.      No Coverage:  No Evidence to Potentially Trigger MCS-90 Endorsement**

23.     The Trisura Policy includes a MCS-90 Endorsement.  However, the MCS-90 Endorsement creates an independent basis for payment pursuant to federal statute and regulations, the purpose of which is succinctly stated in the endorsement itself:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended **to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).**

(Exhibit B; MCS-90 Endorsement, p. 2)(bold emphasis added).

24.     Neither the pleading or any other information in the Underlying Lawsuit default judgment

court file establishes that the parameters of the MCS-90 Endorsement have been met. For example, there is no allegation of the transportation of property as a motor carrier in "interstate commerce".

25. And, even if any such MCS-90 Endorsement obligation is found to exist, Trisura asserts the right of reimbursement pursuant to same. The contractual right of reimbursement is also expressly stated in the Endorsement:

> The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

(*Id.*).

26. In the alternative, Trisura seeks a declaratory judgment that it is entitled pursuant to the MCS-90 Endorsement by way of statutory, contractual, or equitable subrogation, to recovery for its payment of applicable MCS-90 limits under the Trisura Policy.

**D.** **No Coverage:  Default Judgment**

27. Further, and in the alternative, Trisura seeks declaratory judgment on the basis that the Underlying Lawsuit Default Judgment is not binding to establish liability or any amount of damages awarded. The entire Underlying Lawsuit trial record, including all pleadings, the full transcript of the hearing, and exhibits do not establish liability or proximate causation of the alleged injuries, nor does it establish the under any applicably required legally sufficient evidentiary standard the damages sought. (Ex. A1-A28). Without limitation, the damages awarded for unliquidated damages of physical pain and mental anguish and physical impairment are wholly unsupported by any evidence. (Id.). Literally none. Alternatively, should this Court determine that any such evidence was presented, then as a matter of law it constitutes no evidence or factually insufficient evidence as a matter of law. Further, alternatively, Trisura owes no duty to indemnify for the Default Judgment under applicable Texas law.

## VII.   DEMAND FOR JURY TRIAL

28.   Plaintiff demands a trial by jury.

## VIII.   PRAYER FOR RELIEF

29.   Trisura prays that this Court rule that it owes no duty of defense or indemnity regarding the Underlying Lawsuit pursuant to the allegations and terms of the Trisura Policy, that it owes no obligation under the MCS-90 Endorsement, or, in the alternative, that the damages awarded in the Underlying Lawsuit Default Judgment are not binding because there is no evidence or factually insufficient evidence to support such damages award.

30.   Trisura also seeks attorneys' fees, costs, and disbursements in pursuing this action, pre and post judgment interest, and all such other relief to the extent permitted by law, or as this Court deems just and proper.

Dated:  November 4, 2024                               */s/ Teresa Bohne*

**Teresa Bohne**
**Southern District Bar No. 3761104**
**Texas Bar No.: 02565060**
**BOHNE INSURANCE LAW, PLLC**
**9655 Wharf Road #123**
**Coppell, Texas 75019**
**bohneinsurancelaw@gmail.com**
**(214) 725-3826**