IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRISURA SPECIALTY INSURANCE COMPANY | § § § § | |
| Plaintiff, | § § | CASE NO. 4:24-cv-04300 |
| vs. | § § | |
| GPI CARRIERS, LLC and MARTELL HOLMAN, | § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

### DEFENDANT MARTELL HOLMAN'S ANSWER AND COUNTER-CLAIM

COMES NOW, Defendant MARTELL HOLMAN ("Holman") who files this Original Answer to Plaintiff TRISURA SPECIALTY INSURANCE's ("Trisura") Original Complaint and would show the Court as follows:

### I. NATURE OF THE ACTION

1. Defendant Holman admits that Plaintiff Trisura seeks declaratory judgment pursuant to 28 U.S.C. §2201 and 2202. He is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 1, therefore, the allegations are denied.

2. Defendant Holman admits that Plaintiff Trisura seeks a declaratory judgment regarding the MCS-90 Endorsement, but denies the remaining allegations in paragraph 2.

3. Defendant Holman admits that Plaintiff Trisura seeks a declaratory judgment regarding the damages awarded by the state court Final Judgment, but denies that Plaintiff Trisura is entitled to declaratory judgment regarding these damages or that the Court has jurisdiction to make any determination regarding damages awarded in a state court Final Judgment because it constitutes an impermissible collateral attack on that Final Judgment and violates the *Rooker-Feldman* doctrine.

## II. PARTIES

4. Defendant Holman admits that Plaintiff Trisura is a corporation, but he is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 4, therefore, the allegations are denied.

5. Defendant Holman admits that Defendant GPI Carriers, LLC ("GPI") is a limited liability company in Webb County, Texas at 2935 Melville Loop, Laredo, Texas 78041, and may be served through its registered agent for service of process, Isreal Guzman III at the same address, but denies that GPI is currently in business as a trucking company because its authority to operate was revoked by the Federal Motor Carrier Safety Administration (FMCSA) on December 27, 2022.



6. Admitted.

## III. JURISDICTION AND VENUE

7. Admitted.

8. Defendant Holman admits that Plaintiff Trisura is a corporation, but he is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 8, therefore, the allegations are denied.

9. Admitted.

10. Admitted.

11. Denied.

12. Admitted.

### IV.  BACKGROUND AND SUMMARY

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

### V.  THE TRISURA POLICY

17. Admitted.

### VI.  CAUSE OF ACTION: DECLARATORY JUDGMENT

**A. No Coverage: Driver Not Listed and Vehicle Not Scheduled**

18. Admitted.

19. Admitted.

20. Admitted.

21. Defendant Holman admits that if the driver is not listed and the vehicle was not scheduled, then there is no coverage under the commercial automobile liability policy except for the MCS-90 Endorsement. Defendant Holman denies the remaining allegations in paragraph 21.

**B. No Coverage: No Notice or Demand from Any Insured**

22. Defendant Holman is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 22, therefore, the allegations are denied.

**C. No Coverage: No Evidence to Potentially Trigger MCS-90 Endorsement**

23. Admitted.

24. Defendant Holman admits that there was no specific allegation of "the transportation of property as a motor carrier in 'interstate commerce', in his state court pleadings,

but denies that it was necessary and further denies that the parameters of the MCS-90 Endorsement have not been met or that Plaintiff Trisura is not liable to Defendant Holman under the terms of the MCS-90 Endorsement. Defendant Holman denies the remaining allegations in paragraph 24.

25. Defendant Holman admits that Plaintiff Trisura is entitled to reimbursement from Defendant GPI, under the terms of the MCS-90 Endorsement and applicable law, for any payments that Trisura makes to Holman pursuant to the MCS-90 Endorsement. Defendant Holman denies the remaining allegations in paragraph 25.

26. Defendant Holman admits that Plaintiff Trisura is entitled to reimbursement from Defendant GPI, under the terms of the MCS-90 Endorsement and applicable law, for any payments that Trisura makes to Holman pursuant to the MCS-90 Endorsement. Defendant Holman denies the remaining allegations in paragraph 26.

### D. No Coverage: Default Judgment

27. Defendant Holman admits that Plaintiff Trisura seeks a declaratory judgment regarding the damages awarded by the state court Final Judgment, but denies that Plaintiff Trisura is entitled to declaratory judgment regarding these damages or that the Court has jurisdiction to make any determination regarding damages awarded in a state court Final Judgment because it constitutes an impermissible collateral attack on that Final Judgment and violates the *Rooker-Feldman* doctrine. Defendant Holman denies the remaining allegations in paragraph 27.

### VII. AFFIRMATIVE DEFENSES

28. Defendant Holman asserts the state court Final Judgment as an affirmative defense to Plaintiff Trisura's request for declaratory judgment regarding damages or a sufficiency of the evidence review by this Court, as any determination would constitute an impermissible collateral attack on a final judgment and the Court lacks jurisdiction to review any aspect of a final state court judgment under the *Rooker-Feldman* doctrine.

## VIII. COUNTER-CLAIMS

### A. COUNT 1: BREACH OF CONTRACT

29. Defendant/Counter-Plaintiff Martell Holman ("Holman") requests that the Court take judicial notice of its file in this case.

30. Plaintiff/Counter-Defendant Trisura Specialty Insurance Company ("Trisura") issued policy number TTT-66-2-201729 to first named insured GPI Carriers LLC ("GPI") with a policy period of November 5, 2020 to November 5, 2021 and a limit of $1 million for commercial automobile liability. The policy was amended to include an MCS-90 Endorsement with a limit of $1 million.

FORM MCS-90 Revised 3/31/2020     OMB No.: 2126-0008   Expiration: 3/31/2021

USDOT Number: 3055102    Date Received: 11/03/2020

A Federal Agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a current valid OMB Control Number. The OMB Control Number for this information collection is 2126-0008. Public reporting for this collection of information is estimated to be approximately 2 minutes per response, including the time for reviewing instructions, gathering the data needed, and completing and reviewing the collection of information. All responses to this collection of information are mandatory. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to: Information Collection Clearance Officer, Federal Motor Carrier Safety Administration, MC-RRA, Washington, D.C. 20590.

**United States Department of Transportation**
**Federal Motor Carrier Safety Administration**

**Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980**

# FORM MCS-90

**Issued to** GPI CARRIERS LLC    **of** TX
(Motor Carrier name)    (Motor Carrier state or province)

**Dated at** 12:01 A.M. **on this** 05th **day of** Nov, 2020

**Amending Policy Number:** TTT-66-2-201729   **Effective Date:** 11/05/2020

**Name of Insurance Company:** Trisura Specialty Insurance Company

**Countersigned by:** _____
(authorized company representative)

The policy to which this endorsement is attached provides primary or excess insurance, as indicated for the limits shown (check only one):

☒ This insurance is primary and the company shall not be liable for amounts in excess of $ $1,000,000 CSL for each accident.

☐ This insurance is excess and the company shall not be liable for amounts in excess of $ _____ for each accident in excess of the underlying limit of $ _____ for each accident.

Whenever required by the Federal Motor Carrier Safety Administration (FMCSA), the company agrees to furnish the FMCSA a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the FMCSA, to verify that the policy is in force as of a particular date. The telephone number to call is: 1-512-528-5324.

Cancellation of this endorsement may be effected by the company or the insured by giving (1) thirty-five (35) days notice in writing to the other party (said 35 days notice to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the FMCSA's registration requirements under 49 U.S.C. 13901, by providing thirty (30) days notice to the FMCSA (said 30 days notice to commence from the date the notice is received by the FMCSA at its office in Washington, DC).



31.	On May 13, 2024, Holman obtained a Final Judgment against GPI Carriers LLC from the 234th Judicial District Court of Harris County, Texas.

32.	The judgment awarded damages to Holman against GPI in excess of $1 million, arising out of a motor vehicle collision that occurred on March 23, 2021 involving a commercial motor vehicle operated by GPI.

33.	Holman's Final Judgment went unpaid by GPI.

34.	On August 13, 2024, Holman sent a written demand to Trisura to pay the Final Judgment, pursuant to the terms of the MCS-90 Endorsement attached to the commercial automobile liability policy issued to GPI by Trisura.

35. Instead of paying the $1 million policy limits under the MCS-90 Endorsement to Holman in satisfaction of the Final Judgment when liability was reasonably clear, Trisura filed a restricted appeal with the Texas Fourteenth Court of Appeals seeking to overturn the judgment. The restricted appeal is still pending, although the lawyer hired by Trisura has yet to file an opening brief.

36. Trisura then filed this declaratory judgment action against Holman in federal court seeking a declaration that it is not liable to pay the Final Judgment under the terms of the MCS-90 Endorsement, by alleging that there is no evidence that the tractor trailer GPI was operating at the time of motor vehicle collision on March 23, 2021 was transporting property in interstate commerce.

37. Holman alleges that Trisura was well aware that there was no insurance coverage for the incident under the commercial automobile liability policy issued to GPI by Trisura because Trisura conducted an investigation which determined that the driver was not listed and the vehicle was not scheduled under the policy, therefore only the MCS-90 Endorsement would potentially apply.

38. Holman alleges that Trisura was aware that the MCS-90 Endorsement was applicable because Trisura's investigation also revealed that the GPI tractor trailer was transporting property in interstate commerce at the time of the collision with Holman.

39. Indeed, the bill of lading for the trip indicates that the shipper had arranged for over 35,475 pounds of toothpaste and other products to be transported from a Colgate Palmolive factory in Mexico to the Colgate Palmolive Company located at 2501 Rock House Rd., Lithia Springs, GA 30122 by GPI.

Ravisa Brokerage LLC
13485 S Unitec Dr
Laredo, TX 78045

| Date: 03/16/2021 | Bill of Lading - Short Form - Not Negotiable | | Page 1 of 1 |
|---|---|---|---|

**Ship From**
Name: COLGATE PALMOLIVE S.A. DE C.V.
Address: AV. BICENTENARIO 374
City/State/Zip: SAN JOSE ITURBIDE, GUANAJUATO
SID No.: MEXICO 37980

Bill of Lading Number: 97601245810

**Ship To**
Name: COLGATE-PALMOLIVE COMPANY
Address: 2501 ROCK HOUSE RD
City/State/Zip: LITHIA SPRINGS, GA 30122
CID No.:

Carrier: TRANSPLACE (BROKER)
Trailer Number: 51228   n/e
Serial Number(s):

**Third Party Freight Charges Bill to:**
Name:
Address:
City/State/Zip:

SPAC:
Pro Number:   live # 78

**Special Instructions:**
Seal # 301312
Trailer # 03

Freight Charge Terms: (Freight charges are prepaid unless marked otherwise)
Prepaid: X   Collect: ___   3 Party: ___
☐ (check box): Master bill of lading with attached underlying bills of lading.

**Customer Order Information**

| Customer Order No. | No. Packages | Weight | Pallet/Slip (circle one) | Additional Shipper Information |
|---|---|---|---|---|
| Invoice #: A-0219708 | | | Y / N | |
| D.O. #: 2456836712 | | | Y / N | |
| Group No.: 8000288803 | | | Y / N | |
| Seal No.: 10546-12205 | | | Y / N | |
| Grand Total | | | | |

**Carrier Information**

| Handling Unit | | Package | | | | Commodity Description | LTL Only | |
|---|---|---|---|---|---|---|---|---|
| Qty | Type | Qty | Type | Weight | HM (X) | Commodities requiring special or additional care or attention in handling or stowing must be so marked and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC item 360 | NMFC No. | Class |
| 29 | PLT | 3,162 | CAS | 9,682 KG | | 06952A BASE GFR 6Z CS MU 3PK | | |
| | | 1,920 | CAS | 6,409 KG | | 06304A ISBW 18F 532 ML CS SP BLACK MINT | | |
| 29 | | 5,082 | | 16,091 KG | | | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows: "The agreed or declared value of the property is specifically stated by the shipper to be not exceeding _____ per _____"

COD Amount $ _____
Free terms: Collect ___, Prepaid ___, Customer check acceptable ___

Note Liability limitation for loss or damage is this shipment may be applicable. See 49 USC § 14706(c)(1)(A) and (B).

Received, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not delivery of this shipment without payment of and all other lawful charges
Shipper Signature _____

| Shipper Signature/Date: This is to certify that the above named materials are properly classified, packaged, marked and labeled and are in proper condition for transportation according to the applicable regulations of the DOT | Trailer Loaded: ___ By shipper ___ By driver | Freight Counted: ___ By shipper ___ By driver/pallets said to contain ___ By driver/pieces | Carrier Signature/Pickup Date Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the DOT emergency response guidebook or equivalent documentation in the vehicle. Property described above is received in good order, except as noted. |
|---|---|---|---|

40. According to the Fifth Circuit, the MCS-90 Endorsement "creates a suretyship, which obligates an insurer to pay certain judgments against the insured arising from interstate commerce activities, even though the insurance contract would have otherwise excluded coverage." *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 247 (5th Cir. 2010) (*citing Minter v. Great Am. Ins. Co. of N.Y.*, 423 F.3d 460, 470 (5th Cir. 2005)).

41. Trisura has failed to pay the MCS-90 Endorsement policy limits to Holman upon demand in satisfaction of the Final Judgment Holman obtained against GPI.

**B.   COUNT 2: BAD FAITH/BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

42. Holman adopts by reference the facts alleged above.

43. Holman alleges that Trisura denied payment of the $1 million policy limits due to him under the MCS-90 Endorsement in the policy issued to GPI by Trisura when it knew or should have known that liability was reasonably clear.

44. Holman alleges that Trisura knew from its initial investigation of the incident in 2021 that: (1) there was no coverage under the commercial automobile liability issued to GPI by Trisura because the driver was not listed and the vehicle was not scheduled, and (2) the GPI tractor trailer involved in the incident was transporting property in interstate commerce, such that the MCS-90 Endorsement might potentially be applicable.

45. Holman alleges that when he obtained the Final Judgment against GPI and forwarded it to Trisura on August 13, 2024, Trisura's liability to pay the $1 million policy limits under the MCS-90 Endorsement became reasonably clear, but Trisura delayed and/or denied payment.

46. Holman alleges that when Trisura received his demand letter on August 13, 2024 requesting that Trisura pay the Final Judgment, Trisura was aware that all conditions precedent to payment of the policy limits of the MCS-90 Endorsement had been met, but willfully refused to

pay the $1 million policy limits and instituted frivolous litigation against Holman in an attempt to avoid paying the policy limits.

## IX. DAMAGES

47. As a proximate result of Counter-Defendant Trisura's conduct alleged above, Counter-Plaintiff Holman has sustained damages in the form of the $1 million policy proceeds due him under the MCS-90 Endorsement, attorney's fees that he has incurred to defend himself in the frivolous litigations filed by Trisura and to prosecute his claims, and mental anguish damages.

48. Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq.*, Holman is entitled to recover attorney's fees for breach of contract.

49. Pursuant to TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq.*, Holman is entitled to recover attorney's fees in this declaratory judgment action.

## X. CONDITIONS PRECEDENT

50. Holman alleges that all conditions precedent have been performed or have occurred.

## XI. EXEMPLARY DAMAGES

51. Holman adopts by reference the facts alleged above.

52. Holman alleges that the Trisura's conduct involved acts and/or omissions which, when viewed objectively from the Trisura's standpoint at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Trisua had actual, subjective awareness of the risk involved, but nevertheless preceded with conscious indifference to the rights, safety, and welfare of others. Accordingly, the Trisura's actions constitute gross negligence and Holman is therefore entitled to an award of exemplary damages.

53. Alternatively, Holman alleges that Trisura's conduct in denying payment of the MCS-90 Endorsement policy limits when it knew or should have known liability was reasonably clear was due to malice, as that term is defined by Texas law, and Holman is therefore entitled to an award of exemplary damages.

## XII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

54. Holman seeks pre- and post-judgment interest in the maximum amount allowed by law.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Holman requests that the Court render judgment that Trisura take nothing on its claims against Holman, dismiss Trisura's suit with prejudice, award attorney's fees on Trisura's declaratory judgment claim, assess costs against Trisura, and that Holman recover judgment from Trisura of the $1 million policy limits under the MCS-90 Endorsement, his actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and such other and further relief to which he may show herself to be justly entitled.

Respectfully submitted,

**THE GOURRIER LAW FIRM, PLLC**

By:   /s/ *Joseph M. Gourrier*  .
    JOSEPH M. GOURRIER   *Attorney-in-charge*
    Texas State Bar No. 24007258
    Federal Bar No. 24069
    THE GOURRIER LAW FIRM, PLLC
    4900 Fournace Place, Suite 456
    Bellaire, Texas 77401
    joseph@gourrierlaw.com
    Telephone:713-533-9077
    Facsimile: 713-533-9376
**ATTORNEY FOR DEFENDANT/
COUNTER-PLAINTIFF MARTELL HOLMAN**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure via U.S. Mail, certified, return receipt requested, CM/ECF, email, and/or facsimile, on this __4th__ day of February, 2025.

| | |
|---|---|
| Teresa Bohne<br>**BOHNE INSURANCE LAW, PLLC**<br>9655 Wharf Road #123<br>Coppell, Texas 75019<br>bohneinsurancelaw@gmail.com<br>(214) 725-3826<br>*Attorney for Plaintiff/Counter-Defendant*<br>*Trisura Specialty Insurance Company* | Eduardo Romero<br>**Eduardo Romero, PLLC**<br>201 W. Del Mar Blvd., Suite 15<br>Laredo, Texas 78041<br>er@romeropllc.com<br>(956) 727-2402<br>(956) 727-2404 (fax)<br>*Attorney for Defendant GPI Carrriers LLC* |

      By: __/s/ *Joseph M. Gourrier*__ .
           Joseph M. Gourrier